IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAROLD JEFFREY STEWART #A01359  :
:
   Plaintiff  :
:
   v.  :   Civil Action No.  PJM-07-1269
:
STATE OF MARYLAND  :
:
   and  :
:
JANET CALLIS  :

. . . . . . .o0o. . . . . . .

**MEMORANDUM OPINION**

This is a pro se prisoner civil rights complaint filed pursuant to 42 U.S.C. §1983. Plaintiff, who is confined in the Prince George's County Detention Center, seeks damages and injunctive relief.. Plaintiff has neither paid the civil filing fee nor requested to proceed in forma pauperis. The Court will, however, grant him leave to proceed in forma pauperis for the limited purpose of preliminary review of the complaint. As such, his claims will be reviewed pursuant to 28 U.S.C. § 1915A. This provision requires courts to screen civil actions brought by prisoners, and dismiss complaints which fail to state a claim upon which relief may be granted or seek monetary relief from a defendant or defendants immune from such relief. Upon review of the complaint, the Court concludes that it must be dismissed without prejudice under 28 U.S.C. §1915A(a) & (b).

**I. Claim Presented**

Plaintiff claims that Janet Callis of the Public Defender's Office for Prince George's County "lied" about "access to discovery, impeding information, and timely motions." Complaint, p. 2.[1]

---

[1] To the extent Plaintiff intends to assert claims of ineffective assistance of counsel against defendant, he may do so in a motion for writ of habeas corpus. Plaintiff must exhaust available state court remedies for collateral relief before filing a federal habeas corpus petition. *See* 28 U.S.C. §2254. The Court will direct the Clerk to mail an information packet to Plaintiff.

**II. Discussion**

In evaluating the claims presented, the Court accepts as true all well-pleaded allegations of fact and views them in the light most favorable to plaintiff. *See Jenkins v. McKeithen,* 395 U.S. 411, 421-22 (1969). This does not mean, however, that the Court can ignore a clear failure in the complaint to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 390-91 (4th Cir.1990). In this matter, Plaintiff's conclusory allegations are devoid of any factual predicate. It is unstated when, in what proceeding, and in what capacity, Janet Callis represented plaintiff.[2] Plaintiff does not specify why he believes that she violated his constitutional rights, or state the alleged injuries he suffered as a result.

**A. Janet Callis**

To state a claim under § 1983, a plaintiff must show: 1) a deprivation of a right secured by the Constitution and the laws of the United States; and 2) the deprivation was caused by an official acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A public defender, does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Consequently, this claim fails to meet the jurisdictional prerequisite for a civil action brought under §1983. Janet Callis is not amendable to suit under 42 U.S.C. § 1983.

**B. The State of Maryland**

The Eleventh Amendment to the Constitution bars suits against the State unless the State has waived that immunity or Congress has exercised its power to abrogate the State's immunity. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98 (1989). "[U]nder the Eleventh

---

[2]Plaintiff does not state whether Janet Callis is an attorney. As Plaintiff indicates that he complained to the Maryland Attorney Grievance Commission, the Court will assume for the purposes of this matter that Janet Callis is an attorney.

Amendment to the United States Constitution, a state... is immune from suits in federal court brought by its citizens or the citizen of another state unless it consents." *Dixon v. Baltimore City Police Department*, 345 F. Supp. 2d. 512, 513 (D. Md. 2003).  While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code, Ann., State Gov't §12-101, *et seq,* it has not waived its Eleventh Amendment Immunity to suit in federal court. Consequently, plaintiff's claim against the State of Maryland is barred by the Eleventh Amendment, and will be dismissed.

### III. Conclusion

For these reasons, the Court will dismiss the Complaint without prejudice pursuant 28 U.S.C. § 1915A.  An Order consistent with this Memorandum Opinion follows.

May 31, 2007

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE